Opinion of the Court, by
Ch. J. Boyle.
THIS was an action of trespass, assault and battery, brought by Conner against Metcalfe and others. The defendants all pleaded not guilty and son assault demesne; and the other defendants, except Metcalfe, pleaded moliter manus imposuerunt, to prevent the plaintiff from beating said Metcalfe. Issue was joined upon each of these pleas; and on the trial, it was proved that on the day the assault and battery is charged to have been committed, the defendants agreed to go to the house of the plaintiff, to assist the defendant, Wiatt, to take from the house of the plaintiff a certain Jacob Barker, an idiot, who had been carried by the plaintiff from the house of a widow Wiatt; and it was further proved by the confessions of the defendants, that they started to *371 the house of the plaintiff, and reached it in the night; that before they reached the house, under the expectation that the plaintiff had received information of their intention, and had persons assembled to oppose them, they had each cut a club, which they carried with them, intending to defend themselves with the clubs, if opposed; that they intended to do no violence to any one, unless in self-defence; but that they would take said boy away, peaceably if they could, but that they would take him at all events; that on reaching the house, they knocked at the door, which was opened by the wife of the plaintiff, who asked them to walk in; that they went in, and on entering the house, asked the wife of the plaintiff where he was, who replied he was in bed; that they ordered him to get up, and stated that they had come for Jacob Barker; that the plaintiff said, they should not have him; that they, with an oath, said they would, to which he in like manner replied, they should not; that during this conversation the plaintiff had got up, and put on some of his clothes; that he trod on the handle of his axe, which lay under the bed, and raised it up, when the defendant, Metcalfe, exclaimed, take hold of him, boys, he has raised his axe on us; that the defendants then seized him, wrested the are from him, and forced him out of the door; that some of the defendants, while they were out of the house, took him by the collar and choaked him, and that others had him by the arms, holding them behind him.
To make lying in wait for a man, or besetting his house, an assault, it must be with an intention to beat him, or use personal violence to him; and this intention is not a matter of law, but a matter of fact to be determined by the jury.
After this, and much more evidence in relation to the affray, and to the injury the plaintiff received, was closed, and, which is detailed in the record at great length, but which we do not deem material to be recited, the counsel for the plaintiff moved the court to instruct the jury—
1. That if a man, or men, armed with clubs or other weapons, beset or come into a man’s house in a threatening manner, it is an assault in law:
2. That to deprive a man of his liberty, in going in any direction he pleases, is an assault:
3. That the defendants had no right to take the boy, Jacob Barker, from the plaintiff, by force:
4. That if the defendants went to the plaintiff's house to take the boy by force, the going to his house and entering therein for that purpose, was unlawful.
*372 These instructions the court gave, to which the defendants excepted; and a verdict and judgment having been rendered against them, they have brought the case to this court by writ of error.
The first of the propositions on which the circuit court instructed the jury, cannot, we conceive, in the broad and general terms in which it is couched, be admitted to be correct. We are aware, that it is said in some of the books, that “ lying in wait, or besetting a man’s house, is an assault in law,” Esp. N. P. 312; Finch’s Law, 68. But this must be understood, where the lying in wait or besetting a man’s house is done with an intention to beat him, or do some other violence to his person; and so we find the law to be in such a case, as it is laid down in 2 Com. Dig. 130. This is, indeed, implied in the very nature of the offence ; for an assault is defined to be, "an attempt, with force or violence, to do a corporal injury to another.” It is of the essence of an assault, therefore, that the act which constitutes the assault, should be done with an intention to do some personal injury; and consequently, besetting or entering another’s house, without such an intention, cannot constitute an assault. Nor is the quo animo, or the intention with which the act is done, matter of law to be decided by the court, but matter of fact to be left to the jury. Selwin’s N. P. 32, and the cases there cited.
As the first proposition, therefore, on which the court instructed the jury, was not hypothecated upon the jury’s finding an intention on the part of the defendants to do some personal violence to the plaintiff, it cannot be correct.
The other propositions, we are inclined to think, are in themselves correct; but they are stated in terms too general and abstract, for instructions to a jury. Instructions should, in terms, be made to apply to the points in issue between the parties, and to depend upon the jury’s finding the facts which the evidence conduces to prove.
The judgment must be reversed with costs, and the cause be remanded, that the verdict may be set aside and a new trial had, not inconsistent with the foregoing opinion.